```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF NEW JERSEY
                              CAMDEN VICINAGE
```

| | |
|---|---|
| MANNY FILM LLC,<br><br>             Plaintiff,<br><br>     v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED<br>IP ADDRESS 50.166.88.98,<br><br>             Defendant. | Civil No. 15-1530 (JHR/AMD)<br>         [Doc. No. 5] |
| MANNY FILM LLC,<br><br>             Plaintiff,<br><br>     v.<br><br>JOHN DOE SUBSCRIBER ASSIGNED<br>IP ADDRESS 50.166.93.53<br><br>             Defendant. | Civil No. 15-1531 (JHR/AMD)<br>         [Doc. No. 5] |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court by way of Plaintiff Manny Film LLC's (hereinafter, "Plaintiff") motions for leave to conduct expedited discovery in Civ. Nos. 15-1530 and 15-1531. (See Motion for Leave to Serve a Subpoena Prior to Rule 26(f) Conference, Civ. No. 15-1530, [Doc. No. 5]; see also Motion for Leave to Serve a Subpoena Prior to Rule 26(f) Conference, Civ. No. 15-1531, [Doc. No. 5].) The Court has considered the

1

submissions and notes that no opposition has been filed and the time within which to file opposition has expired. The Court decides this matter pursuant to Federal Rule of Civil Procedure 78(b), and for the reasons set forth herein, grants Plaintiff's motions to serve subpoenas prior to a Rule 26(f) conference subject to the notice provision set forth herein.

On March 2, 2015, Plaintiff filed a complaint against Defendant John Doe Subscriber Assigned IP Address 50.166.88.98 (see Complaint, Civ. No. 15-1530, [Doc. No. 1]), and a complaint against Defendant John Doe Subscriber Assigned IP Address 50.166.93.53 (see Complaint, Civ. No. 15-1531, [Doc. No. 1]) alleging claims of direct copyright infringement against both John Doe Defendants. Specifically, in both complaints Plaintiff alleges that it possesses the rights to "the copyright to the film 'Manny[,]' . . . a feature length documentary depicting the life of boxing champion Manny Pacquiao." (See Complaint, Civ. Nos. 15-1530 and 15-1531, [Doc. No. 1], ¶ 11.) Plaintiff asserts that "[i]n November of 2014" Manny "was leaked on to the BitTorrent peer-to-peer file sharing network in advance of its U.S. theatrical release date of January 23, 2015." (See Complaint, Civ. Nos. 15-1530 and 15-1531, [Doc. No. 1], ¶ 16.) Plaintiff further asserts that it subsequently identified the John Doe Defendants by their IP addresses as having used BitTorrent protocol to engage in direct copyright infringement

2

by downloading the film and "cop[ying] and distribut[ig] the constituent elements of the copyrighted work." (See Complaint, Civ. Nos. 15-1530 and 15-1531, [Doc. No. 1], ¶ 39.) On March 12, 2015, Plaintiff filed the pending motions in both cases seeking leave to file a third-party subpoena upon Comcast Cable to provide the names and addresses of the John Doe internet subscribers identified in the complaints.[1] (See Motion for Leave to Serve a Subpoena Prior to Rule 26(f) Conference, Civ. No. 15-1530, [Doc. No. 5]; see also Motion for Leave to Serve a Subpoena Prior to Rule 26(f) Conference, Civ. No. 15-1531, [Doc. No. 5].)

In the pending motions,[2] Plaintiff alleges that both John Doe Defendants used "the BitTorrent file distribution network[] to commit direct copyright infringement." (See, e.g., Memorandum of Law in Support of Plaintiff's Motion for Leave to Serve a Third Party Subpoena Prior to a Rule 26(f) Conference, Civ. No. 15-1530, [Doc. No. 5-1].) Plaintiff contends that it is aware of only the IP addresses of the John Doe Defendants and cannot obtain their true identities and pursue the actions

---

[1] Plaintiff has attached to the pending motions an exhibit indicating that it has filed forty-one (41) cases in this District in connection with BitTorrent activity. (See Certification of Related Cases, Civ. Nos. 15-1530 and 15-1531, [Doc. No. 5-6].)

[2] As Plaintiff filed identical motions in Civ. Nos. 15-1530 and 15-1531, for ease of reference the Court shall cite only to Plaintiff's memoranda of law in support of the pending motion in Civ. No. 15-1530.

without expedited discovery aimed at ascertaining the allegedly infringing parties' identities. (Id. at 5 on the docket.) Plaintiff consequently requests leave to serve a third-party subpoena upon Comcast Cable requesting the name and address of each John Doe Defendant. (Id.)

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense[.]" FED. R. CIV. P. 26(b)(1). As further set forth in Rule 26(b)(1), "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id. Notwithstanding the permissive language of Rule 26(b)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[.]"[3] FED. R. CIV. P. 26(d)(1). A good cause standard governs whether to permit discovery prior to a Rule 26(f) conference. See, e.g., Modern Woman, LLC v. Does 1-X, No. 12-4859, 2013 WL 707908, at *2 (D.N.J. Feb. 26, 2013) ("Courts faced with motions for leave to serve expedited discovery requests to ascertain the identity of John Doe defendants in internet copyright infringement cases

---

[3] Federal Rule of Civil Procedure 26(f)(1) provides that, "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable—and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." See FED. R. CIV. P. 26(f)(1).

4

often apply the 'good cause' test.") (citations omitted); see also Good Man Prod., Inc. v. Doe, No. 14-7906, 2015 WL 892941, at *2 (D.N.J. Mar. 2, 2015) (applying the good cause standard to a request for leave to serve discovery prior to a Rule 26(f) conference).

The Court has previously addressed the question of whether a plaintiff could serve expedited discovery to ascertain an internet subscriber's personal identifying information prior to a Rule 26(f) conference in a matter involving claims of copyright infringement through the use of the BitTorrent protocol.[4] See Malibu Media, LLC v. John Does 1-18, No. 12-7643, 2013 Dist. LEXIS 155911 (D.N.J. Mar. 22, 2013). In Malibu Media, LLC, the Court concluded that good cause existed "to permit limited discovery prior to the Rule 26(f) conference." Id. at *7. The Court found that the name and address of an internet subscriber whose IP address had been identified as allegedly engaging in copyright infringement in the complaint was relevant, and permitted the plaintiff to serve a third-party subpoena upon Comcast Cable requesting the internet subscriber's name and address. Id. at **7-8.

---

[4] The BitTorrent protocol "has been set forth in detail by numerous other courts and need not be repeated herein." Malibu Media, LLC v. John Does 1-18, No. 12-7643, 2013 Dist. LEXIS 155911, at *2 (D.N.J. Mar. 22, 2013) (setting forth cases describing the BitTorrent protocol) (citations omitted).

Similarly, here, the Court finds good cause to permit Plaintiff to engage in expedited discovery prior to the Rule 26(f) conference. The discovery of the names and addresses of the internet subscribers whose IP addresses are identified in the complaints is appropriate under Federal Rule of Civil Procedure 26(b)(1). See, e.g., Malibu Media, LLC, Civ. No. 12-7643, [Doc. No. 13] at 6 (D.N.J. Mar. 22, 2013). Without this discovery, Plaintiff's ability to pursue the direct infringement claims asserted in the complaint against the John Doe Defendants would be "severely limited[.]" Id.; see, e.g., Good Man Prod., LLC, No. 14-7906, 2015 WL 892941 at *2 (finding good cause existed to permit expedited discovery in light of the fact such discovery was necessary to allow the plaintiff to "identify the appropriate defendant[] and to effectuate service of the [a]mended [c]omplaint."). Consequently, the Court finds that Plaintiff may serve the third-party subpoenas upon Comcast Cable requesting the names and addresses of the internet subscribers for the IP addresses identified in the complaints in Civ. Nos. 15-1530 and 15-1531.[5]

However, in the Court's prior order on this issue, the Court balanced the interests of the plaintiff against those of

---

[5] Under 47 U.S.C. § 551(c)(2)(B), such personally identifiable information is discoverable from a cable provider if "made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed[.]"  47 U.S.C. § 551(c)(2)(B).

the John Doe in light of the fact that discovery of the identity of the internet subscriber may not equate with discovery of the identity of the infringing party. See Malibu Media, LLC, No. 12-7643, 2013 Dist. LEXIS, 155911 at **8-9. As this Court stated,

> discovering the identity of the internet subscriber may not equate to discovering the identity of the infringing party. Establishing that the person identified by discovery is the person who infringed upon the copyright will likely require additional proofs beyond the fact that the individual is listed as the subscriber on the account from which the infringing activity originated. See Modern Woman, LLC, 2013 WL 707908, at *5 n.4 (noting that, by permitting discovery of the personally identifiable information, the court did not permit plaintiff to rely solely on that discovery to prove that the subscriber committed the acts alleged in the complaint); Next Phase Distribution, 284 F.R.D. at 172 (noting the "high likelihood" that the requested discovery could lead to "false positives" as to the identity of the alleged infringer.)

Id. at **7-8. The Court required the internet service provider to provide notice to the subscriber in order to provide the subscriber an opportunity to challenge the subpoena before the internet subscriber provided information in accordance with the subpoena.[6] Id. at **9-10 (citing Next Phase Distrib., Inc., 284

---

[6] In Malibu Media, LLC, the Court prohibited the third-party subpoena from including a request for the internet subscriber's phone number and email address. Malibu Media, LLC, No. 12-7643, 2013 U.S. Dist. LEXIS 155911 at *9. Plaintiff's third-party subpoena does not seek such information; rather, it is limited only to seeking the names and addresses associated with the IP

F.R.D. 165, 172 (S.D.N.Y. 2012)). Accordingly, pursuant to the protocol set forth by this Court in Malibu Media, LLC, the internet service provider is directed to "provide the internet subscriber with a copy of this Order and a copy of the subpoena received from [p]laintiff. Upon receipt of this Order and the subpoena, the internet subscriber shall have twenty-one (21) days to quash the subpoena or move in the alternative for a protective order." Id. at **9-10. In addition, Comcast Cable shall not provide any responsive information to Plaintiff "until the latter of the expiration of twenty-one (21) days or resolution of any motion to quash or for a protective order." Id. at *10. Consequently, for the foregoing reasons and for good cause shown,

>IT IS on this 1st day of April 2015:

>**ORDERED** that Plaintiff's motions seeking leave to conduct expedited discovery [Doc. No. 5 in Civ. Nos. 15-1530 and 15-1531] shall be, and is hereby **GRANTED**; and it is further

>**ORDERED** that Plaintiff may serve a subpoena issued to Comcast Cable that is limited to requesting the name and address of the subscriber of the IP address identified in each complaint; and it is further

---

addresses identified in the complaints as the John Doe Subscribers.

**ORDERED** that Comcast Cable shall provide each such internet subscriber with a copy of this Order and a copy of any subpoena Comcast Cable receives from Plaintiff in each matter; and it is further

**ORDERED** that the each internet subscriber currently identified as John Doe Subscriber in each action shall have twenty-one (21) days from the receipt of this Order and the subpoena to object to or move to quash the subpoena; and it is further

**ORDERED** that Comcast Cable shall not respond to any subpoena served in these cases until the latter of the expiration of the twenty-one (21) day period set forth above or resolution of a motion to quash or for a protective order.

s/ Ann Marie Donio
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE

cc: Hon. Joseph H. Rodriguez